IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. DANIELS, Jr., ) | |
| ) | Civil Action No. 06-741 |
| Petitioner ) | |
| ) | Judge David S. Cercone/ |
| vs. ) | Magistrate Judge Lisa |
| ) | Pupo Lenihan |
| HARRY WILSON, Superintendent, and ) | |
| THE DISTRICT ATTORNEY OF ALLEGHENY ) | |
| COUNTY and THE ATTORNEY GENERAL OF ) | |
| THE COMMONWEALTH OF PENNSYLVANIA, ) | |
| ) | |
| Respondents ) | |
| ) | |

**MEMORANDUM ORDER**

William M. Daniels ("Petitioner"), a state prisoner, serving a life sentence for murder, has simultaneously filed a petition for writ of habeas corpus, Doc. 4, pursuant to 28 U.S.C. § 2254 and a motion to stay these proceedings. Doc. 5. He has filed the motion to stay these proceedings pending the exhaustion of state court remedies with respect to a claim concerning an Eric Ross who apparently provided an affidavit in which he recanted testimony he had given at Petitioner's trial. See Doc. 5 att 1-2 and 4-5.

From what the court can gather from the limited record before it and from the dockets of the state courts, of which this court takes judicial notice, the following facts appear. Petitioner's conviction became final roughly on September 22, 2001, i.e, 90 days after the Pennsylvania Supreme Court denied allocatur in his direct appeal. Commonwealth v. Daniels, No. 788

WAL 2000 (Pa. June 22, 2001). He apparently filed a PCRA petition in the Allegheny County Court of Common Pleas on or around July 23, 2002. <u>Commonwealth v. Daniels</u>, No. CP-02-CR-0016251-1995 (Allegheny County Ct. Com. Pl.). He was denied relief and the Superior Court affirmed. In doing so, the Superior Court apparently addressed the issue of the Eric Ross recantation on the merits, even though apparently, the PCRA court had not done so, due, this Court surmises, to the fact that the recantation may only have occurred following the conclusion of the proceedings in the PCRA trial court or, at least, may only have become known to Petitioner at that time. See Doc. No. 5 at 4-6. The Pennsylvania Supreme Court granted allocatur on March 8, 2006 and affirmed the Superior Court in part and vacated in part. <u>Commonwealth v. Daniels</u>, 892 A.2d 820 (Pa. March 8, 2006). The state Supreme Court vacated the Superior Court's disposition of the Eric Ross recantation issue. Specifically, the Court in its order of remand held that the Superior Court had "erred in considering the merits of the claim regarding the recantation of Eric Ross." <u>Commonwealth v. Daniels</u>, 892 A.2d at 820. The Supreme Court further remanded to the Superior Court for it to enter an order "clarifying that Petitioner's claim based on the Ross affidavit is dismissed without prejudice to Petitioner's right to raise in it a subsequent PCRA petition." <u>Id</u>.

Then, on June 5, 2006, Petitioner executed the present

habeas petition raising seven separate claims. Doc. 4 at 8. None of the claims concern recantation testimony by Eric Ross. Although one claim does state that "[t]he trial court abused its discretion by admitting Eric Ross' testimony that the Petitioner shot at him three days before the charge of murder[,]" id., it does not appear to be the same claim concerning the recantation testimony because the quoted issue of abused discretion was raised, according to the habeas petition, on "Direct Appeal[.]" Doc. 4 at 4. Comparing the issues he raises in this habeas petition with the issues he claims were raised on direct appeal and in his first PCRA petition, it would appear that all of the claims he raises in the habeas petition, as currently filed have been exhausted.

However, it appears that he wishes this court to stay the proceedings, so that he can exhaust his state court remedies with respect to the Eric Ross recantation issue and then come back to this court and amend his current habeas petition to include the then exhausted Eric Ross recantation issue.

The issue of staying and abeying habeas cases is a recent development necessitated by the interaction of the Rose v. Lundy doctrine of total exhaustion and the AEDPA's enactment of the one year statute of limitations. Given that this is a recent development, this area of the law is not completely settled. However from a review of the cases, the following appears.

This court certainly has the discretion to stay this case in circumstances such as these, where Petitioner has presented a petition containing only exhausted claims, i.e., a petition that, as filed, is not mixed, but the petitioner wishes to pursue other non-exhausted claims in state court so as to exhaust them and present all the claims in one petition so as to avoid piece-meal litigation. See, e.g., Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005) Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); Lugo v. Kirkland, No. C 05-0580, 2006 WL 449130 (N.D. Cal. Feb. 22, 2006). See also Rhines v. Weber, 544 U.S. 269 (2005) (acknowledging that District Courts have discretion to stay and abey mixed petitions); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

It is not entirely clear which considerations which should guide the court's exercise of its discretion. In Rhines, the court set forth certain considerations for staying and abeying petitions that, as filed, were determined to be mixed petitions. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005)("'[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics,' then the district court likely 'should stay, rather than dismiss, the mixed petition'")(quoting the syllabus in Rhines, 544 U.S. at 269). It is not entirely clear that these

<u>Rhines</u> standards are to govern factual situations such as this one where the habeas petition, as filed, is not mixed, but the Petitioner desires a stay so as to exhaust state court remedies with respect to newly discovered claims that he wishes to bring by amending his habeas petition to include them once they are properly exhausted.  See, e.g., <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005); <u>Lugo v. Kirkland</u>.

Given the complexity of this area, the court will suspend ruling on Petitioner's motion for stay but will order that the habeas petition as filed, along with the motion to stay, be served upon the Respondents.  The Respondents will not be required to file an answer to the habeas petition but will be required to file a response to the Petitioner's motion to stay. Once having received the Respondent's response, and any reply filed by Petitioner, the court will rule on the motion to stay.

Petitioner is cautioned however, that it appears under state law he may only have until June 21, 2006 to file a second PCRA petition in which to raise the Eric Ross recantation issue.  The Superior Court dismissed this claim without prejudice to his right to raise it in a subsequent PCRA petition. Doc. 5 at 5. However, it appears that in situations such as this, state law only provides him 60 days in which to file the subsequent PCRA petition. <u>Commonwealth v. Lark</u>, 746 A.2d 585 (Pa. 2000). These sixty days are measured from "the date of the order which finally

resolves the previous PCRA petition, because this is the first 'date the claim could have been presented.' 42 Pa.C.S. § 9545(b)(2)." Id., at 494.[1]  See also Commonwealth v. Whitney, 817 A.2d 473 (Pa. 2003).  The Superior Court's order which dismissed without prejudice the Eric Ross recantation issue was issued April 21, 2006.  Accordingly, the following order is entered.

**AND NOW** this 15th day of June 2006, the Respondents are **ORDERED** to file a response to Petitioner's motion to grant a stay within thirty days of service.  Doc. No. 5.  They need not file an answer to the habeas petition itself until such time as ordered by the Court.   In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court.  Any opposing party shall have seven (7) days from the date of service of the appeal to respond thereto.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

                                  /s/ Lisa Pupo Lenihan
                                  Lisa Pupo Lenihan
                                  U.S. Magistrate Judge

Dated: June 15, 2006

---

[1] The applicability of Lark is premised upon this court's assumption that Petitioner only discovered the existence of the Eric Ross affidavit during the pendency of his appeal to the Superior Court from the PCRA court's denial of relief.

cc: The Honorable David S. Cercone
United States District Judge

William M. Daniels, Jr.
DU-7194
SCI Labelle
P. O. Box 9999
Labelle, PA 15450-0999