# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. DANIELS, JR., ) | |
| ) | Civil Action No. 06 - 741 |
| Petitioner, ) | |
| ) | District Judge David S. Cercone |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| HARRY E. WILSON, *et al*., ) | ECF No. 40 |
| ) | |
| Respondents. ) | |
| ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the following reasons, it is respectfully recommended that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and/or (6) (ECF No. 40) be denied.

**II.  REPORT**

  **A.  Background[1]**

Petitioner was charged with one count of Criminal Homicide, one count of Violation of the Uniform Firearms Act (VUFA) and one count of Criminal Conspiracy as a result of the September 20, 1994 shooting of Ronald Hawkins, a jitney driver who was shot to death while driving in the Mexican War Streets area of Pittsburgh, Pennsylvania. On September 24, 1998, Petitioner was convicted by a jury of Murder in the First Degree and the remaining charges in the

---

[1] The following Background is taken from the undersigned Report and Recommendation dated October 5, 2010. (ECF No. 29.)

1

Court of Common Pleas of Allegheny County. On November 23, 1998, the court sentenced Petitioner to a term of life imprisonment for the homicide conviction plus consecutive terms of 3½ to 7, and 10 to 20 years' imprisonment on the remaining convictions. Petitioner filed a timely Notice of Appeal to the Superior Court of Pennsylvania and on November 1, 1999, the trial court issued its Opinion denying Petitioner's points on appeal (Commonwealth Exhibit 12, ECF No. 20-3). On November 27, 2000, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence (Commonwealth Exhibit 19, ECF No.20-6). His Petition for Allowance of Appeal with the Pennsylvania Supreme Court was denied on June 22, 2001 (Commonwealth Exhibit 22, ECF No. 20-8).

On July 23, 2002, Petitioner filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA). New counsel filed an Amended PCRA Petition on October 3, 2003. On June 3, 2004, Judge Bigley issued a Notice of Intention to Dismiss Amended PCRA Petition (Commonwealth Exhibit 27, ECF No. 21-4) and on July 13, 2004, he dismissed the petition. Petitioner filed a Notice of Appeal and on July 6, 2005, the Superior Court affirmed the trial court's order denying Petitioner's PCRA petition (Commonwealth Exhibit 34, ECF No. 21-7). On October 19, 2005, Petitioner filed a Petition for Allowance of Appeal wherein he argued, *inter alia*, that the Superior Court erred in ruling on the merits of the claim of Eric Ross' recantation instead of remanding that claim for an evidentiary hearing. On March 8, 2006, the Supreme Court granted the petition solely with respect to Petitioner's claim that the Superior Court erred in considering the recantation testimony of Eric Ross (Commonwealth Exhibit 38, ECF No. 21-10). As a result, the Supreme Court vacated the Order of the Superior Court in part and remanded the case.

On May 19, 2006, Petitioner filed a Supplemental Petition Pursuant to the PCRA. On July 15, 2008, an evidentiary hearing was held. On July 15, 2008, Judge Bigley dismissed the petition. Petitioner filed a Notice of Appeal and on October 17, 2008, Judge Bigley filed his Opinion denying PCRA relief (Commonwealth Exhibit 49, ECF No. 22-5). On May 5, 2009, the Superior Court affirmed the judgment of the trial court denying PCRA relief (Commonwealth Exhibit 53, ECF No. 22-7). Petitioner filed a Petition for Allowance of Appeal, which was denied by the Supreme Court of Pennsylvania on September 30, 2009.

On June 7, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this action. On November 1, 2006, the case was stayed to enable Petitioner to present his unexhausted claim to the Pennsylvania state courts. On November 2, 2009, the Commonwealth filed a Notice of Completion of State Appeal and on November 6, 2009, District Judge Cercone reopened Petitioner's case. Petitioner raises the following claims in his Petition.

1. The petitioner's right to due process under the United States Constitution was violated given the evidence of the record, the trial court abused its discretion in finding the verdict was "not" against the weight of the evidence.

2. The petitioner's right to due process under the United States Constitution was violated because the evidence was insufficient to support the conviction of first degree homicide and the evidence did not support the finding that petitioner participated in the shooting.

3. The petitioner's right to due process under the United States Constitution was violated because the trial court abused its discretion by admitting Eric Ross testimony that petitioner shot him (3) days before homicide over objections of counsel. The Commonwealth offered this testimony to prove possession of the .40 cal saw firearm and identification of petitioner.

4. The petitioner's right to due process under the United States Constitution was violated when the trial court erred in not granting a new trial for jury misconduct and the PA. Superior Court and PA.

3

Supreme Court erred in holding that a claim of juror misconduct is not cognizable under the PCRA.

5. The petitioner's right to due process under the United States Constitution was violated by juror misconduct, police misconduct/prosecutorial misconduct, and recantation evidence, and the newly discovered evidence of "exculpatory" eyewitness Jermale Walker.

   A. Juror Misconduct

   B. Police Misconduct—Prosecution Misconduct

   C. The newly discovered evidence of "exculpatory" eyewitness testimony of Jermale Walker.

   D. Recantation Evidence

6. Petitioner's right to due process under the United States Constitution was violated and petitioner is entitled to a new trial based upon the after-discovered materially exculpatory evidence of Rayco Saunders' identification of another person who was in possession of the murder weapon at the time of the commission of, and committed, the homicide in the instant matter.

7. Petitioners' 6th Amendment rights under the United States Constitution were violated by ineffective assistance of counsel.

   A. Trial counsel was ineffective for failing to file a written motion or perfect his argument with regard to the suppression of the petitioner's "statement." The legal basis for the petitioner's suppression motion is "not clear" for the record. The petitioner asserts that he "never" gave the statement or signed the rights form.

   B. Trial counsel was ineffective for failing to interview, investigate and present two fact witnesses Norman Daniels and Robert Bledsoe; and for failing to investigate and interview and present (2) alibi defense witnesses Norman Daniels and Tolania Williams. All (4) witnesses were known to trial counsel and were willing to testify at trial.

8. The petitioner's right to due process under the United States Constitution was violated when the trial court erred when it granted the Commonwealth's motion to prevent counsel for defense to cross-examine Commonwealth star witness Tina Banks about her involvement in narcotics and the bias Ms. Banks had against petitioner for assaulting her brother.

9. Claims based on "actual innocence" or misconduct of justice cannot be procedurally barred because the imprisonment on an innocent person violates the due process clause and the 8th Amendment prohibition against cruel and unusual punishment.

On October 5, 2010, the undersigned entered a Report and Recommendation addressing each of Petitioner's claims and recommending that the Petition be denied and that a certificate of appealability be denied. (ECF No. 29.) After Petitioner filed Objections, District Judge Cercone entered an Order adopting the Report and Recommendation and denying the Petition and a certificate of appealability. (ECF No. 32.) Petitioner appealed, and the Third Circuit Court of Appeal affirmed the denial of the petition on December 11, 2012. (ECF No. 38.) Petitioner filed the current Rule 60(b) Motion shortly thereafter.

**B. Discussion**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances," which the Supreme Court has recognized "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new

ground for relief or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at n.4. The Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533.

In his Rule 60(b) Motion, Petitioner asserts that the Court did not address Claim 5B in his habeas petition. This, however, is incorrect. This undersigned thoroughly addressed this claim on the merits in the Report and Recommendation, and Petitioner filed Objections to the Report raising, in part, the same arguments he now raises in his Rule 60(b) Motion. These Objections were considered by the District Judge prior to him denying the Petition. Petitioner seems to argue that the Court either misconstrued or misinterpreted his claim based on the Commonwealth's "fraudulent" Answer to his Petition. In this regard, it is clear that Petitioner is actually challenging the Court's previous resolution of this claim on its merits. To the extent Petitioner seeks to do so, his motion should be denied as an unauthorized second or successive petition for habeas relief. Petitioner must first file an application to the Third Circuit Court of Appeals and be granted permission to file a second or successive petition pursuant to 28 U.S.C. § 2244(b).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and/or (6) (ECF No. 40) be denied.

Dated: March 4, 2013.

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: William M. Daniels, Jr.
DU-7194
SCI Dallas
1000 Follies Road
Drawer K
Dallas, PA 18612
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*