# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. DANIELS, JR., | 2:06cv741 |
| | Electronic Filing |
| Petitioner, | |
| | Judge David Stewart Cercone |
| v. | Chief Magistrate Judge Lenihan |
| HARRY E. WILSON, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), (3) and (6) filed on January 8, 2013. (ECF No. 40.) On March 4, 2013, the magistrate judge issued a Report and Recommendation recommending that the Motion be denied. (ECF No. 47.) The parties were served with the Report and Recommendation and informed that they had until July 2, 2013, to file written objections. Petitioner's objections were timely filed on July 2, 2013. (ECF No. 50.) The Court has carefully reviewed each of Petitioner's objections and finds that they do not undermine the recommendation of the magistrate judge. Therefore, for the reasons explained herein, Petitioner's Motion for Relief from Judgment will be denied.

## I.   BACKGROUND[1]

Petitioner was charged with one count of Criminal Homicide, one count of Violation of the Uniform Firearms Act (VUFA) and one count of Criminal Conspiracy as a result of the September 20, 1994, shooting of Ronald Hawkins, a jitney driver who was shot to death while

---

[1] The following Background is taken from the undersigned's Report and Recommendation dated October 5, 2010. (ECF No. 29.)

driving in the Mexican War Streets area of Pittsburgh, Pennsylvania. On September 24, 1998, Petitioner was convicted by a jury of Murder in the First Degree and the remaining charges in the Court of Common Pleas of Allegheny County. On November 23, 1998, the court sentenced Petitioner to a term of life imprisonment for the homicide conviction plus consecutive terms of 3½ to 7, and 10 to 20 years' imprisonment on the remaining convictions. Petitioner filed a timely Notice of Appeal to the Superior Court of Pennsylvania and on November 1, 1999, the trial court issued its Opinion denying Petitioner's points on appeal (Commonwealth Exhibit 12, ECF No. 20-3). On November 27, 2000, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence (Commonwealth Exhibit 19, ECF No.20-6). His Petition for Allowance of Appeal with the Pennsylvania Supreme Court was denied on June 22, 2001 (Commonwealth Exhibit 22, ECF No. 20-8).

On July 23, 2002, Petitioner filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA). New counsel filed an Amended PCRA Petition on October 3, 2003. On June 3, 2004, Judge Bigley issued a Notice of Intention to Dismiss Amended PCRA Petition (Commonwealth Exhibit 27, ECF No. 21-4) and on July 13, 2004, he dismissed the petition. Petitioner filed a Notice of Appeal and on July 6, 2005, the Superior Court affirmed the trial court's order denying Petitioner's PCRA petition (Commonwealth Exhibit 34, ECF No. 21-7). On October 19, 2005, Petitioner filed a Petition for Allowance of Appeal wherein he argued, *inter alia*, that the Superior Court erred in ruling on the merits of the claim of Eric Ross' recantation instead of remanding that claim for an evidentiary hearing. On March 8, 2006, the Supreme Court granted the petition solely with respect to Petitioner's claim that the Superior Court erred in considering the recantation testimony of Eric Ross (Commonwealth Exhibit 38,

ECF No. 21-10). As a result, the Supreme Court vacated the Order of the Superior Court in part and remanded the case.

On May 19, 2006, Petitioner filed a Supplemental Petition Pursuant to the PCRA. On July 15, 2008, an evidentiary hearing was held. On July 15, 2008, Judge Bigley dismissed the petition. Petitioner filed a Notice of Appeal and on October 17, 2008, Judge Bigley filed his Opinion denying PCRA relief (Commonwealth Exhibit 49, ECF No. 22-5). On May 5, 2009, the Superior Court affirmed the judgment of the trial court denying PCRA relief (Commonwealth Exhibit 53, ECF No. 22-7). Petitioner filed a Petition for Allowance of Appeal, which was denied by the Supreme Court of Pennsylvania on September 30, 2009.

On June 7, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this action. On November 1, 2006, the case was stayed to enable Petitioner to present his unexhausted claim to the Pennsylvania state courts. On November 2, 2009, the Commonwealth filed a Notice of Completion of State Appeal and on November 6, 2009, District Judge Cercone reopened Petitioner's case. Petitioner raises the following claims in his Petition.

1. The petitioner's right to due process under the United States Constitution was violated given the evidence of the record, the trial court abused its discretion in finding the verdict was "not" against the weight of the evidence.

2. The petitioner's right to due process under the United States Constitution was violated because the evidence was insufficient to support the conviction of first degree homicide and the evidence did not support the finding that petitioner participated in the shooting.

3. The petitioner's right to due process under the United States Constitution was violated because the trial court abused its discretion by admitting Eric Ross testimony that petitioner shot him (3) days before homicide over objections of counsel. The Commonwealth offered this testimony to prove possession of the .40 cal saw firearm and identification of petitioner.

4. The petitioner's right to due process under the United States Constitution was violated when the trial court erred in not granting a new trial for jury misconduct and the PA. Superior Court and PA. Supreme Court erred in holding that a claim of juror misconduct is not cognizable under the PCRA.

5. The petitioner's right to due process under the United States Constitution was violated by juror misconduct, police misconduct/prosecutorial misconduct, and recantation evidence, and the newly discovered evidence of "exculpatory" eyewitness Jermale Walker.

   A. Juror Misconduct

   B. Police Misconduct—Prosecution Misconduct

   C. The newly discovered evidence of "exculpatory" eyewitness testimony of Jermale Walker.

   D. Recantation Evidence

6. Petitioner's right to due process under the United States Constitution was violated and petitioner is entitled to a new trial based upon the after-discovered materially exculpatory evidence of Rayco Saunders' identification of another person who was in possession of the murder weapon at the time of the commission of, and committed, the homicide in the instant matter.

7. Petitioners' 6th Amendment rights under the United States Constitution were violated by ineffective assistance of counsel.

   A. Trial counsel was ineffective for failing to file a written motion or perfect his argument with regard to the suppression of the petitioner's "statement." The legal basis for the petitioner's suppression motion is "not clear" for the record. The petitioner asserts that he "never" gave the statement or signed the rights form.

   B. Trial counsel was ineffective for failing to interview, investigate and present two fact witnesses Norman Daniels and Robert Bledsoe; and for failing to investigate and interview and present (2) alibi defense witnesses Norman Daniels and

4

> Tolania Williams. All (4) witnesses were known to trial counsel and were willing to testify at trial.

8. The petitioner's right to due process under the United States Constitution was violated when the trial court erred when it granted the Commonwealth's motion to prevent counsel for defense to cross-examine Commonwealth star witness Tina Banks about her involvement in narcotics and the bias Ms. Banks had against petitioner for assaulting her brother.

9. Claims based on "actual innocence" or misconduct of justice cannot be procedurally barred because the imprisonment on an innocent person violates the due process clause and the 8th Amendment prohibition against cruel and unusual punishment.

On October 5, 2010, the undersigned entered a Report and Recommendation addressing each of Petitioner's claims and recommending that the Petition be denied and that a certificate of appealability also be denied. (ECF No. 29.) After Petitioner filed objections, District Judge Cercone entered an Order adopting the Report and Recommendation and denying the Petition and a certificate of appealability. (ECF No. 32.) Petitioner appealed, and the Third Circuit Court of Appeal affirmed the denial of the petition on December 11, 2012. (ECF No. 38.) Shortely thereafter, Petitioner filed the Motion for Relief from Judgment that is currently pending before the Court. (ECF No. 40.)

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances," which the Supreme Court has recognized "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at n.4. The Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533.

In his Motion for Relief from Judgment, Petitioner asserts numerous grounds of error and fraud on the part of the Commonwealth, magistrate judge and the Court. His main, overarching objection is that the magistrate judge failed to address and adjudicate claim 5B of his habeas petition, as did the Court when it adopted the magistrate judge's Report and Recommendation in full. Petitioner has raised this argument on numerous occasions, and, specifically, in his objections to the magistrate judge's Report and Recommendation, recommending the denial of his petition. In fact, almost every argument Petitioner raises in his most recent objections was also raised in his objections to said Report and Recommendation.

Petitioner vigorously argues that he is innocent and that the police and district attorney engaged in misconduct in order to secure his conviction. For example, he states that he and the jury foreman, Mr. Reginald White, were high school classmates and that he used to bully Mr.

6

White in school. He states that Mr. White lied on *voir dire* when asked whether he knew Petitioner. Petitioner states that he and police detective Mr. Richard McDonald were also high school classmates and that Mr. McDonald and Mr. White were close friends while in high school. He alleges that the two of them conspired together to taint and prejudice the jury.

Petitioner also claims that the Commonwealth's expert witness, Dr. Levine, perjured himself on the stand, as did practically every witness who testified at his trial. He claims that the Commonwealth knowingly withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), because they were in possession of the murder weapon prior to his trial but maintained that they never recovered the weapon in Petitioner's case. Petitioner claims that they had the murder weapon three-and-a-half years prior to his trial and that the weapon was even documented in a Forensics Report, which was also withheld from the defense. He states that Dr. Levine lied under oath by testifying that the Commonwealth never received the gun to fit the bullet casings in his case.

Petitioner also claims that Mr. Jermale Walker, who was a passenger in the victim's car at the time of the murder, but escaped after the incident and was not found until after Petitioner's trial, would testify that the murder happened in a drive-by shooting and not in a "foot ambush" as the Commonwealth maintained at trial. Petitioner also claims that other individuals who heard cars racing after the shooting would corroborate this statement. Petitioner further claims that Mr. Rayco Saunders would testify that he saw the murder weapon on Mr. Durrell King both before and after the incident so it could not have been Petitioner who committed the murder.

Petitioner maintains that he is attacking the integrity of these habeas proceeding under Fed.R.Civ.P. 60(b) because the magistrate judge did not consider his claim in his petition regarding police and prosecutorial misconduct. Petitioner's contention that he never received a

ruling on his claim is simply wrong both as a matter of law and of fact. The Court is not required to provide a discussion or its reasoning for denying a claim in a written opinion. "A judicial decision and a judicial opinion are not the same thing[,]" and a court "may, or may not, attempt to explain the decision in an opinion." Wright v. Secretary for Dep't of Corr., 278 F.3d 1245, 1254-55 (11th Cir. 2002); *Cf.* U.S. v. Donohoe, 458 F.2d 237, 238 (10th Cir. 1972) ("The order entered denying the motion specifically recited that the defendant throughout all of the proceedings was ably and effectively represented. The other two points raised by the petition were not specifically mentioned in the order, but denial of the motion we must assume that the trial court deemed those points to be without merit."). Petitioner's claim was denied when the Court denied his petition on November 17, 2010.

Moreover, less there be any doubt, the undersigned here and now states that I did in fact consider and reject Petitioner's arguments when he raised them the first time in his objections to the magistrate judge's Report and Recommendation recommending the denial of his habeas petition. The Court has undertaken yet another review of the magistrate judge's Report and Recommendation and finds that it is both thorough and comprehensive. It is abundantly clear that Petitioner is not attacking the integrity of these habeas proceedings but instead challenging the Court's previous resolution of his claims, which he is unable do through a Rule 60(b) motion. Petitioner must first seek permission to file a second or successive habeas petition with the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(3). Moreover, to the extent Petitioner is attempting to present new evidence before this Court, presumably demonstrating his actual innocence, he must also first seek permission with the Circuit to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(2). For these reasons, Petitioner's Motion for Relief from Judgment will be denied.

AND NOW this 23rd day of July, 2013,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation dated March 4, 2013 (ECF No. 47), is **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Appeal *in forma pauperis* is **DISMISSED**. Petitioner shall seek permission to proceed *in forma pauperis* from the Circuit Court on appeal.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____<br>
David Stewart Cercone<br>
United States District Judge

cc: William M. Daniels, Jr.
DU-7194
SCI Benner Township
301 Institution Drive
Bellefonte, PA 16823
*(Via First Class Mail)*

Ronald M. Wabby, Jr., Esquire
*(Via CM/ECF Electronic Mail)*